IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv223

| | |
|---|---|
| SHELBY TEAGUE, )<br>)<br>**Plaintiff,** )<br>)<br>Vs. )<br>)<br>HARTFORD LIFE AND ACCIDENT )<br>INSURANCE COMPANY, )<br>)<br>**Defendant.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the court on plaintiff's request for reconsideration of defendant's Renewed Motion to Strike Jury Trial (#26), more specifically this court's Order allowing the motion. In such request, plaintiff's counsel informs the court that she made the original demand for jury trial in state court, where a jury trial is allowed, and that such demand is a carryover from removal. Further, counsel for plaintiff states that she agreed to withdraw such demand in plaintiff's response to defendant's original Motion to Strike. Review of the court's docket does not reveal that plaintiff filed any response to defendant's original Motion to Strike, which was contained within the Third Defense of defendant's Answer.

This court's concern is not that a jury demand was made, but that no one heeded the Order of this court and that it takes a second court order to fix a problem which counsel should and could have fixed without court intervention. For nearly eight months, the following Order has gone unheeded:

> The plaintiff, in her complaint, has requested a jury trial and the defendant has objected in its answer. It is hereby ordered that on or before JULY 18, 2005 that the defendant shall file a motion and supporting brief in regard to any issues that the defendant wishes to present in regard to whether or not the plaintiff is entitled to a jury trial. The plaintiff shall then be granted 17 days from the filing of that brief to respond. The court shall then issue an order

-1-

determining the issue of whether or not the plaintiff is entitled to a jury trial in this matter.

Docket Entry 6, Pretrial Order, at 8. Eliminating a demand from a Complaint involves little more that filing a one paragraph consent amendment to the Complaint, striking such demand. In Gahagan v. North Carolina Hwy. Patrol, 1:00cv52 (W.D.N.C. Oct. 25, 2000),[1] the district court held that where a party desires to "dismiss certain claims within this action . . . . the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15." Id., at 3-4 (citations omitted).

Plaintiff is correct that Rule 11 of the Federal Rules of Civil Procedure is inapplicable to pleadings signed in state court and later removed to federal court, Mareno v. Jet Aviation of America, Inc., 970 F.2d 1126 (2nd Cir. 1992), and, moreover, for Rule 11 purposes the Complaint is viewed as a "snapshot" in time. Brubaker v. City of Richmond, 943 F.2d 1363 (4th Cir. 1991).

Instead, the appropriate inquiry would be one under 28, United States Code, Section 1927, which "imposes a continuing obligation in the litigation" on counsel. Id., at fn. 25. In this case, the problem is not that the jury demand was made, the problem is that it was not retracted when it was pointed out in the Answer and by the court in the Pretrial Order.

Plaintiff's counsel also takes exception to the inference of a Rule 11 violation. It was not the court's intent to infer anything about counsel's conduct in making the demand, rather it was to point out that a good faith argument could not now be made in support of a jury trial in federal court. Indeed, the lion's share of ERISA cases in this division are brought by plaintiff's counsel, who zealously pursues those cases. However, a jury demand is not just

---

[1] Due to the limits of electronic filing, citation to such unpublished decision is by reference to the court docket number, with a copy of the decision of the district court being available through ECF and incorporated herein by reference.

another allegation of a Complaint, instead it is a demand which has serious implication in the court's planning and the placement of a case on an appropriate trial track.

The federal courts have limited resources, and simply does not have the ability to micro-manage every Complaint. Instead, the court depends on skilled attorneys to adjust their pleadings as issues develop. This court will not fault attorneys for missteps that are inherent in the private practice of law, but it does have a threshold expectation that counsel will tend to their cases and correct errors that impact the docket, especially where directed to do so by court Order. It should not take a court Order to strike a jury demand that is no longer viable and under no circumstances should it take three.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's Motion for Modification of Court's Order is **ALLOWED** as provided above, and counsel for the respective parties are directed to show on or before March 24, 2006, where the "response" referenced by plaintiff[2] was filed in the court's docket, and further, why both plaintiff and defendant failed to comply with this court's June 28, 2005, Order.

```
                                        Signed: March 17, 2006
```

Dennis L. Howell
United States Magistrate Judge

---

[2] "Plaintiff did not contest Defendant's Motion to Strike Jury Trial, and by agreement with Defendant's counsel, <u>filed</u> a response so stating." Docket Entry 29, Plaintiff's Motion, at 1 (emphasis added).